UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIRECT CONSTRUCTION
SERVICES, LLC and
TIMOTHY DRAKEFORD,

        Plaintiffs,

v.

CITY OF DETROIT, MAYOR
MICHAEL EDWARD DUGGAN,
DETROIT LAND BANK AUTHORITY,
TAMMY DANIELS, in her official capacity,
IRENE TUCKER, in her official capacity,
BOYSIE JACKSON, in his official capacity,
RON CRAWFORD, in his official capacity,
TIMOTHY M. PALAZZOLO, in his official
capacity, BRIAN FARKAS, in his official
capacity, jointly and severally,

        Defendants.
_____/

Case No. 18-cv-12356

Paul D. Borman
United States District Judge

## ORDER DENYING MOTION FOR RECONSIDERATION (ECF NO. 44)

On April 29, 2019, the Court issued an Opinion and Order granting Defendants' motions to dismiss. (ECF No. 42.) On May 13, 2019, Plaintiffs filed a Motion for Reconsideration.[1] (ECF No. 44.) "A motion for reconsideration is governed by the

---

[1] Plaintiffs alternatively reference Fed. R. Civ. P. 59, which governs motions to alter or amend a judgment, but the motion is appropriately analyzed as one for reconsideration under E.D. Mich. L. R. 7.1(h).

1

local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan Local Rule LR 7.1(h)(3) provides in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.Com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct *actual* defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010) (citing *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("'It is an exception to

the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.'")). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). *See also Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 WL 653253, at *1 (E.D. Mich. Feb. 19, 2010) (holding that motions for reconsideration do not permit a party to "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence").

The Sixth Circuit has affirmed these standards, which govern the Court's consideration of Plaintiff's motion for reconsideration:

> It is well-settled that "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007). Additionally, reconsideration motions cannot be used as an opportunity to re-argue a case. Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier.

*Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 F. App'x 473, 476 (6th Cir. 2014). *See also Zucker v. City of Farmington Hills*, 643 F. App'x 555, 572 (6th Cir. 2016)

("It is also "well-settled" law in this circuit that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued. . . . [a]nd [n]ew arguments based on hindsight regarding how a movant would have preferred to have argued its case do not provide grounds for Rule 60(b) relief.") (internal quotation marks and citations omitted).

Plaintiffs' claims in this case have been a moving target of confusingly articulated theories of liability. The Plaintiffs expressly sued only municipal Defendants and individual Defendants in their official capacities, yet the Complaint did not assert any type of policy claim under *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978), and did not identify any policy, custom, or practice as the basis for such a claim. Nor did Plaintiffs reference or discuss any such policy, custom, or practice in their briefing on the motions to dismiss. The Complaint contained no factual content plausibly suggesting a *Monell* claim and this was the basis for the Court's dismissal of Plaintiffs' claims.

Plaintiffs now suggest in their Motion for Reconsideration that there was a "custom" of "tolerating" disparate discipline of, and payment delays to, minority contractors. This afterthought articulation of a "custom" fails even to identify which Defendant or Defendants had such a custom, and provides no factual basis for a plausible suggestion that this "custom" was "so permanent and well settled as to

constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691. It is well established in the Sixth Circuit "that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued" or invent "new arguments based on hindsight regarding how a movant would have preferred to have argued its case . . . ." *Zucker*, 643 F. App'x at 572. The Court will not consider these new vague assertions of custom or practice, which in any event demonstrate no palpable error in the Court's Opinion.

Plaintiffs assert that the Court has prevented them from discovering the basis for their claims, but they were required to plead more facts in support of a municipal liability claim than have been pleaded here to "nudge[] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs have failed to plausibly suggest a claim under *Monell*, which defeats both their § 1983 and § 1981 claims as pleaded. *See, e.g., Highfill v. City of Memphis*, 425 F. App'x 470, 475-76 (6th Cir. 2011) (analyzing plaintiff's municipal liability claim under § 1981 and observing that "even if Highfill could demonstrate that a similarly-situated employee had been treated more favorably than he, the record is devoid of proof that any constitutional deprivation that he suffered was a result of a 'a custom or policy within the meaning of *Monell*'") (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735–36 (1989)); *Spokojny v. Hampton*, No. 12-cv-11402,

2013 WL 6729918, at *5, *7 (E.D. Mich. Dec. 19, 2013) (observing that to prevail on a § 1981 claim of discrimination or retaliation against a municipality, plaintiff "must show that the violation of his § 1981 right to contract was caused by a custom or policy within the meaning of *Monell*").

Plaintiffs' Motion for Reconsideration, like its briefing and argument on the motions to dismiss, appears to completely misapprehend the critical failing in their Complaint, i.e. that they have sued only municipal entities and individuals in their official capacities yet they have not pleaded any factual content to plausibly suggest a municipal liability claim. Plaintiffs expressly pleaded that they are proceeding against the individual Defendants in their official capacities and pleaded no individual liability claims against any of the individual Defendants. Plaintiffs' Complaint fails to allege facts that plausibly suggest any municipal policy or custom claim, as explained in the Court's Opinion and Order. *Twombly* requires that Plaintiffs plead more than vague theories based on conclusory allegations, leaving the Court to fill in blanks, hypothesize "what ifs," and/or fashion claims. Plaintiffs must plead factual content plausibly suggesting that a particular municipal policy, custom, or practice, so firmly established as to have the "force of law," was the "moving force" behind the particular alleged constitutional violations of which they complain. *Monell*, 436 U.S. at 691, 695. They have failed to do so here.

Plaintiffs' Motion for Reconsideration also relies on purportedly "new" evidence, attached as Exhibits to the Motion, that was in existence well before this Court held hearings on the various motions to dismiss but was never brought to the Court's attention, and/or that is completely irrelevant to the Court's rulings. Motions for reconsideration do not permit a party to "attempt to supplement the record with previously available evidence." *Allen*, 2010 WL 653253, at *1. The Court declines to consider this evidence which, in any event, does not appear to bear directly on the conduct complained of in the Plaintiffs' Complaint or on the culpability of the municipal Defendants for the claims asserted in the Complaint.

Plaintiffs' Motion for Reconsideration has demonstrated no palpable error in the Court's Opinion and Order and the Motion is DENIED.

IT IS SO ORDERED.

s/Paul D. Borman<br>PAUL D. BORMAN<br>UNITED STATES DISTRICT JUDGE

Dated: July 1, 2019